UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEC TABAK,<br><br>                    Plaintiff,<br><br>- against -<br><br>EMMIS COMMUNICATIONS CORPORATION<br><br>                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Alec Tabak ("Tabak" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Emmis Communications Corporation ("Emmis" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyright photograph of American rapper Roland Collins otherwise known as Troy Ave owned and registered by Tabak, a New York City based photojournalist. Accordingly, Tabak seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are transacting business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Tabak is a professional photojournalist in the business of licensing his Photograph to online, print, and television stations for a fee, having a usual place of business at 32 Leroy Street, Apt. 10, New York, New York 10014. Tabak's photographs have appeared in many publications around the United States.

6. Upon information and belief, Emmis is a corporation duly organized and existing under the laws of the State of Indiana, with a place of business at 395 Hudson Street, 7th Floor, New York, New York 10014. At all times material hereto, Emmis has owned and operated a website at the URL: www.Hot97.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photograph**

7. On or about May 31, 2016, Tabak photographed American rapper Roland Collins in Manhattan Criminal Court after he was arrested for attempted murder and illegal weapon possession while at a concert where four people were shot. (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8. Tabak then licensed the Photograph to the New York Daily News. On May 31, 2016, the New York Daily News ran an article that featured the Photograph in its web edition entitled, *Rapper charged in deadly Irving Plaza shooting claims to be the real victim*. See http://www.nydailynews.com/new-york/nyc-crime/rapper-charged-irving-plaza-shooting-claims-victim-article-1.2654978. Tabak's name was featured in a gutter credit identifying him as the

photographer of the photograph. A true and correct copy of the article on the web edition of the article is attached hereto as Exhibit B.

9. Tabak is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph is registered with the United States Copyright Office and given Registration number VA 2-013-887.

B. **Defendant's Infringing Activities**

11. Upon information and belief, on or about May 31, 2016, Emmis ran an article on the Website written by a staff employee of Emmis entitled *3 Guns Found in Troy Ave Van At Hospital, Including One From The Shooting (PHOTO)*. See http://www.hot97.com/news/ebro-morning/3-guns-found-troy-ave-van-hospital-including-one-shooting-photo. The article prominently featured the Photograph. A true and correct copy of the article is attached here to Exhibit C.

12. Emmis did not license the Photograph from Plaintiff for its article, nor did Emmis have Plaintiff's permission or consent to publish the Photograph on its Website.

13. Upon information and belief, Emmis removed Tabak's gutter credit and did not attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST EMMIS)**
**(17 U.S.C. §§ 106, 501)**

14. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-13 above.

15. Emmis infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Emmis is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

16. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

17. Upon information and belief, the foregoing acts of infringement by Emmis have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

20. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

21. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST EMMIS**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published on the article in the New York Daily News, it contained copyright management information protected under 17 U.S.C. § 1202(b).

24. Upon information and belief, in its article on the Website, Emmis copied the photograph from the New York Daily News article and intentionally and knowingly removed copyright management information identifying Plaintiff as the Photographer of the Photograph.

25. The conduct of Emmis violates 17 U.S.C. § 1202(b).

26. Upon information and belief, Emmis' falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

27. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Emmis intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Emmis also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

28. As a result of the wrongful conduct of Emmis as alleged herein, Plaintiff is entitled to recover from Emmis the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Emmis because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

29. Alternatively, Plaintiff may elect to recover from Emmis statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Emmis be adjudged to have infringed upon Plaintiff's copyright in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Emmis be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
November 26, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Alec Tabak*